# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1423
_____

United States of America,

*Plaintiff - Appellee*,

v.

Devin Grant Hodgkiss,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2020
Filed: June 8, 2020

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Devin Hodgkiss pleaded guilty to distributing 50 grams or more of methamphetamine in April 2018, *see* 21 U.S.C. § 841(a)(1), and to possessing a firearm in furtherance of a drug trafficking offense in June 2018, *see* 18 U.S.C. § 924(c)(1)(A)(i). The statutory minimum sentence for the drug offense ordinarily is ten years' imprisonment, *see* 21 U.S.C. § 841(b)(1)(B) (2018), but Hodgkiss at

sentencing sought so-called "safety-valve" relief from the minimum. The relevant statute, 18 U.S.C. § 3553(f), allows a district court to impose a sentence without regard to an otherwise applicable statutory minimum penalty if the defendant satisfies certain criteria. One requirement is that the defendant "did not . . . possess a firearm . . . in connection with the offense." *Id*. § 3553(f)(2).

The district court concluded that Hodgkiss was ineligible for the limitation on the statutory minimum because his "relevant conduct" under the sentencing guidelines for the April 2018 drug offense included his possession of the firearm in June 2018. "Relevant conduct" under the guidelines includes acts that were part of the same course of conduct as the offense of conviction. USSG § 1B1.3(a)(2). The court ultimately varied downward from an advisory guideline range of 210 to 262 months and sentenced Hodgkiss to the statutory minimum term of 120 months' imprisonment on the drug trafficking count. As required by statute, the court imposed a consecutive term of 60 months for the firearms offense.

Hodgkiss argues on appeal that his possession of a firearm in June 2018 did not render him ineligible for the "safety valve" on his drug offense from April 2018, and we agree. "Relevant conduct" is a concept developed by the Sentencing Commission when it decided to base sentences under the guidelines on the actual conduct in which a defendant engaged rather than the elements of the offense for which the defendant was charged and convicted. *See* USSG Ch.1, Pt.A, intro. comment. (1.4(a)). The "safety-valve" limitation on statutory minimums, however, appears in an Act of Congress that is not governed by definitions in the sentencing guidelines. Therefore, to determine whether Hodgkiss possessed a firearm "in connection with the offense," 18 U.S.C. § 3553(f)(2), we must consider what the statute means by "the offense."

Without a specialized definition such as that employed in the sentencing guidelines, the ordinary meaning of "offense" is the "offense of conviction." *Hughey v. United States*, 495 U.S. 411, 418 (1990). The structure of § 3553(f) confirms this

meaning of the term in § 3553(f)(2). Another prerequisite for relief from the statutory minimum is that a defendant must truthfully provide all information that he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). If "the offense" by itself incorporated the concept of "relevant conduct" under the guidelines, then the reference to other "offenses" in § 3553(f)(5) would be superfluous: relevant conduct would already include acts and omissions that were "part of the same course of conduct or common scheme or plan as the offense of conviction." *See* USSG § 1B1.3(a)(2).

The sentencing guidelines do include a section that sets forth what the manual describes as "the relevant provisions of 18 U.S.C. § 3553(f)." USSG § 5C1.2 & comment. (backg'd). Section 5C1.2(a)(2) mirrors § 3553(f)(2) and the requirement that the defendant did not possess a firearm "in connection with the offense." The district court correctly observed that the commentary to § 5C1.2 states that "offense" as used in § 5C1.2(a)(2)-(4) means "the offense of conviction and all relevant conduct." But where the Commission's commentary conflicts with the plain meaning of a statute, the statute governs. *United States v. Labonte*, 520 U.S. 751, 757 (1997); *Neal v. United States*, 516 U.S. 284, 294-95 (1996). The meaning of "offense" in § 3553(f)(2) is unambiguously limited to the offense of conviction, and the Commission could not alter it by promulgating commentary to § 5C1.2. In applying § 3553(f)(2), therefore, the question is whether the defendant possessed a firearm in connection with the offense of conviction.

For these reasons, we vacate Hodgkiss's sentence and remand for further proceedings. We note that even aside from § 3553(f)(2) and possession of a firearm, the parties disagreed on whether Hodgkiss met the requirement of § 3553(f)(5) to provide certain truthful information to the government by the time of the sentencing hearing. The district court did not resolve that dispute. Nor did the district court, having already varied downward substantially from the advisory guideline range,

address whether it would sentence Hodgkiss to a term of less than 120 months even if the statutory minimum did not apply. We address only the meaning of "offense" in § 3553(f)(2) and express no view on whether Hodgkiss meets the requirements of § 3553(f) or whether the district court should impose a different sentence on remand.

_____